IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| **ERICK DAWAYNE BOWMAN,** | : | |
| **Plaintiff,** | : | |
| VS. | : | NO. 4:24-CV-00043-CDL-AGH |
| **JONES,** *et al.*, | : | |
| **Defendants.** | : | |

### ORDER

Plaintiff Erick Dawayne Bowman, an inmate presently incarcerated in the Rutledge State Prison in Columbus, Georgia, has filed a document that has been construed as a Complaint seeking relief pursuant to 42 U.S.C. § 1983, but he did not pay the filing fee or file a proper motion to proceed without the prepayment of the filing fee. On April 22, 2024, Plaintiff was thus ordered either pay the filing fee or submit a motion for leave to proceed without prepayment of the filing fee and to recast his Complaint on the Court's standard form. Plaintiff was given fourteen (14) days from the date of the order to comply, and he was warned that the failure to fully and timely comply with the orders and instructions of the Court could result in the dismissal of his claims. *See generally* Order, Apr. 22, 2024, ECF No. 5.

The time for compliance passed without a response from Plaintiff. As such, Plaintiff was ordered to respond and show cause why this case should not be dismissed for the failure to comply with the Court's previous orders and instructions. Plaintiff was also

ordered to fully comply with the Court's April 22nd Order if he wished to proceed with his claims. Plaintiff was again given fourteen (14) days to respond, and he was again warned that the failure to comply with the Court's orders and instructions would result in the dismissal of his Complaint. *See generally* Order, June 4, 2024, ECF No. 6.

The time for compliance has again passed without a response from Plaintiff. As Plaintiff was previously warned, the failure to comply with the Court's orders and instructions is grounds for dismissing this case. This action is therefore **DISMISSED without prejudice.** *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).[1]

**IT IS SO ORDERED**, this 2nd day of July, 2024.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.